# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| HELEN YOUNGBLOOD | : | |
| 469 COITSVILLE ROAD | : | CASE NO. _____ |
| YOUNGSTOWN, OHIO 44503 | : | |
| INDIVIDUALLY AND AS A PUTATIVE | : | |
| CLASS REPRESENTATIVE, | : | |
| | : | |
| | : | JUDGE _____ |
| PLAINTIFF, | : | |
| VS. | : | |
| | : | |
| BOARD OF COMMISSIONERS OF | : | CLASS ACTION ALLEGATIONS |
| MAHONING COUNTY, OHIO, AND | : | ENDORSED HEREON |
| DAVID C. DITZLER, CAROL | : | |
| RIMEDIO-RIGHETTI AND ANTHONY | : | |
| TRAFICANTI | : | |
| 21 W. BOARDMAN STREET, 2ND FL. | : | |
| YOUNGSTOWN, OHIO 44503; AND | : | |
| C/O PAUL GAINS, ESQ. | : | |
| MAHONING COUNTY PROSECUTOR | : | |
| 21 W. BOARDMAN STREET | : | |
| YOUNGSTOWN, OH 44503 | : | |
| | : | |
| AND | : | |
| | : | |
| MAHONING COUNTY DEPARTMENT | : | |
| OF JOBS & FAMILY SERVICES | : | |
| 345 OAK HILL AVE | : | |
| ENTRANCE D. | : | |
| YOUNGSTOWN, OHIO 44502 | : | |
| DEFENDANTS. | : | |

**COMPLAINT WITH CLASS ALLEGATIONS UNDER 42 U.S.C.§1983 FOR DENIAL OF DUE PROCESS OF LAW IN HIRING AND PROMOTIONS**

**A.     INTRODUCTION**

1. This is an action for a denial of due process of law in connection abuses in promotions and hiring in the Mahoning County Ohio Department of Job and Family Services. Promotions and hiring in Mahoning County are the product of cronyism and patronage. Although purported lawful hiring policies exist, they are not followed. The long-standing and persistent custom in the Mahoning County Department of Job and Family Services has been to award promotions without appropriate posting of vacancies ,but instead to rely on cronyism and patronage.

### B.     PARTIES

2. Helen Youngblood is an employee of the Mahoning County Department of Jobs & Family Services. Ms. Youngblood is also an official representative of the relevant collective bargaining unit and therefore has a personal stake in whether employment matters are managed within the Department of Jobs & Family Services in a lawful manner. The employees represented by Ms. Youngblood and Ms. Youngblood have property interests in their employment by reason of the past practices of Defendants and Ohio law concerning treatment of employees in the classified civil service.

3. Defendant Mahoning County is a political subdivision of the State of Ohio under R.C. 2744.01(F) and at all times pertinent hereto operated a Department of Job & Family Services.

4. Defendants Ditzler, Rimedio-Righetti and Traficanti, are Commissioners serving on the Mahoning County Board of Commissioners, (hereinafter "The Board").

5. Defendants' actions complained of herein, are not the product of an officially adopted or promulgated policy, the practices are part of a long-standing custom and practice, that is not formally written but is pervasive, longstanding and has the force of

law. Accordingly, these practices are subject to redress in United States district court under 41 U.S.C Sec. 1983 and the Fourteenth Amendment Due Process Clause. All Defendants are sued in their official and personal capacities.

### C.     JURISDICTION

6. Jurisdiction in this district court over this action arises under the provisions of 28 U.S.C. §1331 and 28 U.S.C. §1343. Plaintiff's claims are cognizable in federal court by reason of the provisions of 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution.

### D.     VENUE

7. Venue in this action is properly laid in the Northern District of Ohio, Eastern Division, for the reason that jurisdiction is not founded solely on diversity of citizenship, Defendants all reside in the Northern District of Ohio, and a substantial part of the events which give rise to this action occurred in the Northern District of Ohio, Eastern Division.

### E.     CLASS ALLEGATIONS

8. Ms. Youngblood brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and a class ("Class") and subclass ("Subclass"). The Class Period commenced on January 1, 2014.

9. Ms. Youngblood brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> All persons eligible for employment or advancement employed at the Mahoning County Department of Jobs & Family Service on January 1, 2014 and thereafter.

10. Ms. Youngblood also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set for the in Paragraph 6(b) for the reason

adjudication of the issues raised here will be dispositive of the claims of all persons affected.

11. Ms. Youngblood also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth in Paragraph 6(b) for the reason questions of law common to the class predominate over the claims of individual class members.

12. The claims of Ms. Youngblood are typical of the claims of the Class and Subclass. Ms. Youngblood will fairly and adequately protect the interests of the Class and Subclass. Ms. Youngblood has no conflicts with any other Class or Subclass Member, and has retained competent counsel experienced in class action litigation.

13. Common questions of law and fact exist. Questions of law and fact are common to the Class and the Subclass and predominate over any questions affecting only individual Class and Subclass Members.

14. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein. A class action provides an efficient method whereby enforcement of the rights of Ms. Youngblood and defendants can be fairly managed.

## F. FACTUAL BACKGROUND

15. Plaintiff restates that which as been set forth above as though fully restated and incorporated herein.

16. On information and belief, the Director of the Department of Job and Family Services has within the past twenty-four months made a series of promotional appointments without prior posting, and hired individuals who lacked the requisite

qualifications. The aforementioned hirings are typical of the endemic reliance on cronyism and patronage to fill positions in Mahoning County and ODJFS.

17. Plaintiff seeks judicial intervention to reverse, rescind and/or cause the proper advertisement and filling of these positions in accordance with applicable law.

18. The incessant and continuous use of cronyism to fill public positions without following the provisions of Ohio law and published policy is violative of the federally protected property interests of Ms. Youngblood and the putative class and is actionable as a denial of due process of law under the Fourteenth Amendment. The practices challenged here have long- standing duration and remain a custom in Mahoning County.

**WHEREFORE**, Plaintiff requests the following:

1. Certification of a class following the filing of an appropriate motion. A preliminary and permanent injunction enjoining Defendants' acts and practices which infringe upon Plaintiff's property rights and interests, violates any provision of federal or Ohio law that require proper postings of vacancies and require that positions are filled based upon qualifications not relationships or cronyism.

2. Other appropriate equitable relief (i) to redress the above violations or (ii) to enforce Plaintiff's property rights and interests.

3. A declaration that Defendants' action are unlawful.

4. Attorneys ,interest and costs and such other relief as the Court deems just.

*s/Percy Squire*
Percy Squire, Esq. (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
614-224-6528 (T)
psquire@sp-lawfirm.com
