UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HELEN YOUNGBLOOD, | ) | CASE NO. 4:17-cv-1744 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| BOARD OF COMMISSIONERS OF MAHONING COUNTY, OHIO, et al., | ) | |
| DEFENDANTS. | ) | |

On August 18, 2017, plaintiff Helen Youngblood ("Youngblood") filed the present action in federal court, alleging that defendants have "made a series of promotional appointments without prior posting" but instead "rely on cronyism and patronage." (Doc. No. 1 (Complaint) ¶¶ 1, 16, 18.) She seeks to certify this matter as a class action, and defines the proposed class as "All persons eligible for employment advancement employed at the Mahoning County Department of Jobs & Family Service on January 1, 2014 and thereafter." (*Id*. ¶ 9; *see* Doc. No. 6 (Motion to Certify the Class ["Mot. Class Cert."]).)

Defendants have moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 4 ["MTD"].) Youngblood subsequently moved for leave to amend her complaint, *instanter*. (Doc. No. 7 ["Mot. Amend"]), and filed the proposed amended complaint on the docket. (Doc. No. 8.) Defendants oppose the motion to amend. (Doc. No. 10 ["Mot. Amend Opp'n"].) Youngblood also filed an opposition to defendants' motion to dismiss. (Doc. No. 9 ["MTD Opp'n"].) In her opposition brief, Youngblood notes that her proposed amended

complaint would supersede her original complaint and that, "[i]f the motion for leave to amend is granted, as a necessary consequence, [d]efendants' motion to dismiss the superseded complaint is moot and must be denied." (MTD Opp'n at 86, citations omitted.) Defendants, in turn, oppose the motion to amend on grounds of futility. (Mot. Amend Opp'n at 89-90.)

Under the Federal Rules of Civil Procedure, a party "may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). In this case, Youngblood moved to amend her complaint within 21 days after service of a Rule 12(b)(6) motion to dismiss. Accordingly, Youngblood was entitled to amend as a matter of right. Youngblood's motion for leave to amend (Doc. No. 7) is GRANTED, and defendants' motion to dismiss (Doc. No. 4) and Youngblood's motion to certify the class based on the original complaint (Doc. No. 6) are DENIED WITHOUT PREJUDICE.

However, in light of the fact that defendants opposed the motion to amend on futility grounds, the Court shall permit defendants leave until April 27, 2018 to file a motion to dismiss the amended complaint. Should any part of the amended complaint survive defendants' renewed Rule 12(b)(6) motion, or should defendants elect not to seek dismissal, the Court shall schedule

this matter for a case management conference, at which time the parties may discuss a briefing schedule for a renewed motion to certify the class.

**IT IS SO ORDERED**.


Dated: April 16, 2018

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**